*Law Offices of*
***BONNETT, FAIRBOURN,***
***FRIEDMAN & BALINT, P.C.***
*2325 E. Camelback Road, Suite 300*
*Phoenix, Arizona 85016*
*Telephone: (602) 274-1100*
*Ty D. Frankel (027179)*
*tfrankel@bffb.com*

*Law Offices of*
***BONNETT, FAIRBOURN,***
***FRIEDMAN & BALINT, P.C.***
*600 W. Broadway, Suite 900*
*San Diego, California 92101*
*Telephone: (619) 756-7748*
*Patricia N. Syverson (020191)*
*psyverson@bffb.com*

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Sergiu A. Schipor, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Mesa Airlines, Inc., a Nevada corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff Sergiu A. Schipor ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following for his Complaint against Defendant Mesa Airlines, Inc. ("Defendant" or "Mesa Airlines"):

## I. NATURE OF THE CASE

1. Plaintiff brings this action against Mesa Airlines for its failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA") and the Arizona Wage Statute, A.R.S. §§ 23-350 – 23-355; 23-363 – 23-364.

2. This lawsuit is brought as a collective action under 29 U.S.C. § 216(b) to recover unpaid minimum wage compensation, liquidated damages, and statutory penalties resulting from Mesa Airlines' violations of the FLSA. This lawsuit is also brought as a class action under Federal Rule of Civil Procedure 23, to recover unpaid minimum wage compensation, timely payment of wages, and treble damages resulting from Mesa Airlines' violations of the Arizona Wage Statute. For both collective and class action purposes, the proposed class consists of:

> All Mesa Airlines pilots whose wages were withheld by Mesa Airlines within the past three years as a result of entering into a promissory note related to mandatory pilot training (the "Pilots").

3. For at least three years prior to the filing of this action (the "Liability Period"), Mesa Airlines has knowingly and intentionally failed to pay its Pilots the statutorily required minimum wage.

4. Mesa Airlines operates a regional airline based in Phoenix, Arizona.

5. Mesa Airlines hired Plaintiff and Pilots to operate its flights.

6. This compensation scheme was developed by Mesa Airlines to alter the typical at-will nature of the employment relationship. Mesa Airlines requires Plaintiff and Pilots, as a condition of their employment, to pay back to the company an amount promised through a Promissory Note for mandatory pilot training if the Pilots do not remain employed with Mesa Airlines for a minimum of twelve months. Mesa Airlines withholds all of the Pilots' wages for designated pay periods if they default on the Promissory Note and leave the company's employ.

7. Plaintiff, on behalf of himself and all those similarly situated Pilots, avers that this policy constitutes a *de facto* deduction in violation of the FLSA's requirement that Mesa Airlines pay wages "free and clear" and "unconditionally." Plaintiff seeks declaratory relief and the recovery of both actually withheld wages and "conditionally paid" wages and requests liquidated damages pursuant to Section 16(b) of the FLSA.

## II.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter and parties under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Plaintiff's state law claim is sufficiently related to the FLSA claim that it forms part of the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

10. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) because Mesa Airlines employed Plaintiff in this District; Mesa Airlines conducts business in this District; and all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

## III. PARTIES

11. At all relevant times, Plaintiff was employed by Mesa Airlines in Maricopa County, Arizona. From December 2014 to on or around November 20, 2015, Plaintiff was employed full-time by Mesa Airlines as a pilot.

12. Pursuant to 29 U.S.C. § 216(b), Plaintiff consents in writing to opt-in to this lawsuit. Plaintiff's Consent to Become a Party Plaintiff and Opt-In to Lawsuit is attached as Exhibit A to this Complaint.

13. Defendant Mesa Airlines, Inc. is a Nevada corporation authorized to do business in Arizona. Mesa Airlines is an employer as defined in 29 U.S.C. § 203(d), A.R.S. § 23-350, and A.R.S. § 23-362.

14. Plaintiff and the Pilots are employees as defined in 29 U.S.C. § 203(e)(1), and are non-exempt employees under 29 U.S.C. § 213(a)(1) and 29 C.F.R. part 541, A.R.S. § 23-350, A.R.S. § 23-362.

15. At all relevant times, Mesa Airlines has been engaged in interstate commerce and has been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

**IV. FACTUAL BACKGROUND**

16. Mesa Airlines hires Plaintiff and Pilots to work as pilots for the airline in Phoenix, Arizona.

17. Plaintiff was employed as a pilot for Mesa Airlines from December 2014 to on or around November 20, 2015.

18. During his employment, Plaintiff earned $22.18 per flight hour. He was also entitled to a nontaxable per diem rate of pay for each per diem hour worked.

19. As a condition of his employment with Mesa Airlines, Plaintiff was required to complete mandatory pilot training.

20. In addition, as a condition of his employment with Mesa Airlines, Plaintiff was required to enter into a Jet Training Event Promissory Note with Mesa Airlines related to the costs associated with the mandatory pilot training he was required to complete. Exhibit B.

21. Pursuant to the Promissory Note, Plaintiff promised to pay Mesa Airlines a sum of $12,712.00, which amount was conditioned on him completing the mandatory pilot training and remaining employed by Mesa Airlines for a requisite period of time. *Id.*

22. The Promissory Note provided Plaintiff a credit against the principal amount of $12,712.00 depending on the length of service he had with Mesa Airlines. *Id.*

23. Pursuant to the Promissory Note, Mesa Airlines indicated that it would offset the unpaid balance of the Promissory Note owed to Plaintiff in the event Plaintiff leaves

employment prior to twelve months from the date of successful completion of the pilot training program.

24. For example, if Plaintiff left employment with Mesa Airlines within one month of successful completion of the pilot training program, he owed Mesa Airlines the full $12,712.00 amount from the Promissory Note. If Plaintiff left employment with Mesa Airlines within ten to eleven months, he owed Mesa Airlines $2,112.00. There was a sliding scale based on the number of months of employment. *Id.*

25. In or around November 2015, Plaintiff notified Mesa Airlines that he would be leaving its employ.

26. Plaintiff's employment with Mesa Airlines ended on November 20, 2015, which was after eight to nine months of service as a pilot with Mesa Airlines.

27. According to the Promissory Note Plaintiff was required to enter into as a condition of his employment, Mesa Airlines maintained that Plaintiff owed the company $4,232.00 for the mandatory pilot training. *Id.*

28. As a result of the amount promised under the Promissory Note, Mesa Airlines did not pay Plaintiff any wages for his final pay period working as a pilot for the company in or around November 2015. Rather, Mesa Airlines withheld approximately $1,011.86 in wages earned and paid him zero dollars for the final pay period of Plaintiff's employment.

29. Plaintiff's wages were not paid "free and clear" as required by the FLSA, and Plaintiff's right to receive the requisite minimum wage cannot be waived.

30. Plaintiff's net pay for his final pay period that concluded with his separation on November 20, 2015 was zero dollars, which is below the minimum wage.

31. Plaintiff discovered that Mesa Airlines was withholding all wages from his final paycheck, including the minimum wage, by email and written correspondence dated on or around December 21, 2015 and December 23, 2015 respectively. Exhibits C & D.

32. The duties, compensation, and training practices applicable to Plaintiff are indicative of the similarly situated Pilots.

33. Mesa Airlines' improper policies and compensation practices applied to Plaintiff and the similarly situated Pilots he will represent.

34. Mesa Airlines continuously recruits Pilots to fill open pilot positions, which requires the Pilots, including Plaintiff, to complete mandatory pilot training.

35. Rather than simply pay for the Pilots' training, Mesa Airlines requires the Pilots to enter into a Promissory Note with Mesa Airlines for thousands of dollars. The amount owed from the promissory note is reduced in proportion to the length of months the Pilots have been with Mesa Airlines and after twelve months of service the Pilots are no longer indebted to the company under the Promissory Note.

36. However, many Pilots leave Mesa Airlines' employ before the twelve-month period on the Promissory Notes expires. If that occurs, Mesa Airlines systemically reduces the Pilots' wages and withholds payment of the minimum wage for their outstanding pay periods at the time of separation.

37. For any Pilots who do not remain employed by the company for a minimum of twelve months following completion of the mandatory pilot training, Mesa Airlines refuses to pay the minimum wage for their final pay period.

38. Mesa Airlines has willfully violated and continues to willfully violate federal and Arizona wage and hour statutes and regulations with the intent of altering the at-will relationship of the Pilots by depriving them of compensation at the minimum wage if they do not remain employed by Mesa Airlines for a requisite amount of time.

39. In fact, Mesa Airlines has been filing lawsuits against its Pilots, even after withholding payment of the minimum wage, to recoup wages promised to the Pilots that should have been paid free and clear to them regardless of the costs associated with training. 29 C.F.R. § 531.35.

40. This compensation scheme was intentionally designed by Mesa Airlines to circumvent the requirements of the FLSA and Arizona Wage Statute and induce Pilots to remain employed by Mesa Airlines for a minimum of twelve months.

## V. COLLECTIVE ACTION ALLEGATIONS

41. Mesa Airlines' illegal minimum wage practices were widespread with respect to the proposed class. The failure to pay minimum wage was not the result of random or isolated individual management decisions or practices. Mesa Airlines systematically elects to reduce Pilots' wages below the minimum wage if they do not work for more than twelve months in relation to their mandatory pilot training.

42. Mesa Airlines' minimum wage practices were routine and consistent. Throughout the Liability Period, Pilots systematically had their wages reduced to below the minimum wage. Although the issue of damages may involve individual calculations, whether Mesa Airlines minimum wage practices violated the FLSA is a central liability issue common to all Pilots.

## VI. CLASS ACTION ALLEGATIONS

43. The state law claims under the Arizona Wage Statute are brought as a class action under Federal Rules of Civil Procedure 23(a) and (b)(3). The class is defined in paragraph 2 above.

44. Throughout the Liability Period, Mesa Airlines has employed a large number of Pilots. The class is therefore so numerous that joinder of all members is impracticable. Members of the class can readily be identified from business records maintained by Mesa Airlines.

45. Proof of Mesa Airlines' liability under the Arizona Wage Statute involves factual and legal questions common to the class. Whether Mesa Airlines paid Pilots timely payment of wages and minimum wage as required by A.R.S. §§ 23-350 – 23-355 and 23-363 – 23-364 is a question common to all Pilots.

46. Like Plaintiff, all Pilots worked without being timely paid the statutorily required minimum hourly wage. Plaintiff's claim is therefore typical of the claims of the class.

47. Plaintiff has no interest antagonistic to those of other Pilots, and has retained attorneys who are knowledgeable in wage and hour and class action litigation. The interests of Pilots are therefore fairly and adequately protected.

48. This action is maintainable as a class action under Rule 23(b)(3) because questions of law or fact common to the Pilots predominate over any questions affecting only individual members.

49. In addition, a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Arizona Wage Statute recognizes that employees who are denied their wages often lack the ability to enforce their rights against employers with far superior resources. In addition, because the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation makes it difficult for members of the class to individually redress the wrongs done to them.

50. Plaintiff's Arizona Wage Statute claim is easily managed as a class action. The issue of liability is common to all Pilots. Although the amount of damages may differ by individual, they are objectively ascertainable and can be easily calculated.

## VII. COUNT ONE

### (Failure to Pay Minimum Wage – Fair Labor Standards Act, 29 U.S.C. § 206)

51. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

52. Plaintiff and Pilots were employees entitled to the statutorily mandated minimum hourly wage. 29 U.S.C. § 203.

53. Mesa Airlines is an employer. 29 U.S.C. § 203.

54. Mesa Airlines failed to pay minimum wage to Plaintiff and Pilots during their employment.

55. For example, Plaintiff received zero dollars for his pay check for the pay period concluding on November 20, 2015.

56. Mesa Airlines' failure to pay minimum wage to Plaintiff and Pilots was willful. Mesa Airlines knew Plaintiff and Pilots were not paid the required minimum wage and had no reason to believe their failure to pay minimum wage was not a violation of the FLSA.

57. Plaintiff and the Pilots are entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees and costs.

## VIII. COUNT TWO

### (Failure to Pay Timely Wages Due – Arizona Wage Statute, A.R.S. § 23-350 *et seq.*)

58. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

59. Plaintiff and Pilots were employed by Mesa Airlines as defined by A.R.S. § 23-350(2).

60. Plaintiff performed services as a pilot for Mesa Airlines at its direction in exchange for compensation.

61. Mesa Airlines improperly withheld Plaintiff's final paycheck and paid him zero dollars for the final pay period he was employed.

62. Mesa Airlines was aware of its obligation to pay timely wages pursuant to A.R.S. §§ 23-350 – 23-355.

63. Mesa Airlines was aware that it was obligated to pay all wages due to Plaintiff and the Pilots.

64. Mesa Airlines failed to timely pay Plaintiff and the Pilots their wages due without a good faith basis for withholding wages.

65. Mesa Airlines willfully failed and refused to timely pay wages due to Plaintiff and the Pilots. As a result of Mesa Airlines' unlawful acts, Plaintiff and the Pilots are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## IX. COUNT THREE

**(Failure to Pay Minimum Wage – Arizona Minimum Wage Law, A.R.S. § 23-362 et seq.)**

66. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

67. Plaintiff and the Pilots were employees entitled to minimum wage as defined by A.R.S. § 23-362(A).

68. Mesa Airlines was an employer. A.R.S. § 23-362(B).

69. Mesa Airlines failed to pay Plaintiff any wages for his pay period ending November 20, 2015 when his employment with the company ended.

70. As a result, Mesa Airlines paid Plaintiff less than $8.05 per hour for hours worked during the final pay period he was employed by Mesa Airlines.

71. Mesa Airlines is aware of its obligation to pay state minimum wages pursuant to A.R.S. § 23-363.

72. Mesa Airlines failed to pay minimum wage as required by state law. A.R.S. § 23-363.

73. Mesa Airlines has willfully failed to pay minimum wage due to Plaintiff and the Pilots. As a result of Mesa Airlines' unlawful acts, Plaintiff and the Pilots are entitled to the statutory remedies provided pursuant to A.R.S. § 23-364.

## X. REQUESTED RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all others similarly situated, prays:

A. For the Court to order Mesa Airlines to file with this Court and furnish to Plaintiff's counsel a list of the names and addresses of all Mesa Airlines' Pilots from across the State of Arizona who currently work or have worked as pilots within the last three (3) years and had their paychecks withheld as a result of entering into a Promissory Note related to training;

B. For the Court to authorize Plaintiff's counsel to issue notice at the earliest possible time to all Mesa Airlines' Pilots from across the State of Arizona who currently work or have worked as pilots within the last three (3) years and had their paycheck withheld as a result of entering into a Promissory Note related to training, informing them that this action has been filed and the nature of the action, and of their right to opt into this lawsuit if they did not timely receive minimum wage as required by the FLSA and the Arizona Wage Statute during the Liability Period;

C. For the Court to declare and find that Mesa Airlines committed one or more of the following acts:

i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wage to Plaintiff and persons similarly situated who opt into this action;

ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206; and

iii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff and those similarly situated, as well as willfully failing to pay them the state minimum wage pursuant to A.R.S. §§ 23-350 *et seq.* and 23-362 *et seq.*;

D. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

E. For the Court to award unpaid minimum wages, plus an additional amount equal to twice the unpaid wages pursuant to A.R.S. § 23-364, to be determined at trial;

F. For the Court to award restitution;

G. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364 (G), and A.R.S. §§ 12-341 and 12-341.01;

H. For the Court to award pre- and post-judgment interest;

I. For the Court to award Plaintiff's resulting consequential damages, in an amount to be proven at trial; and,

J. For such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

DATED: November 2, 2017.

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

By s/ Ty D. Frankel
Ty D. Frankel
2901 N. Central Avenue, Suite 1000
Phoenix, Arizona 85012-3311
Telephone: 602-274-1100
Facsimile: 602-798-5860

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Patricia N. Syverson (020191)
600 W. Broadway, Suite 900
San Diego, California 92101
Telephone: (619) 756-7748

Attorneys for Plaintiff